UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MENDEL REIZES on behalf of himself and
all others similarly situated

                              Plaintiff,

            -against-

ALTERNATIVE COLLECTIONS, LLC

                              Defendant.
-----------------------------------------------------------

**SUMMONS ISSUED**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 30 2012 ★
LONG ISLAND OFFICE

CV 12 2125
GLEESON, J
POLLAK, M

### CLASS ACTION COMPLAINT

*Introduction*

1.     Plaintiff Mendel Reizes seeks redress for the illegal practices of Alternative Collections, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4.     Upon information and belief, defendant is a New York limited liability company with its principal place of business located in Buffalo, New York.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the telephone call collection letter was sent into this district.

## *Allegations Particular to Mendel Reizes*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about December 1, 2011 the defendant left a message for the plaintiff.

11. The message failed to state that the message is from a debt collector or concerning a debt.

12. The message failed to set forth the legal name of the defendant.

13. The defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(6), 1692e(11) and 1692e(10) for engaging in deceptive practices and failing to disclose it was a debt collector.

14. On or about November 18, 2011 defendant left a message with a third party to have the plaintiff call back.

15. The defendant indicated that it was concerning a contract with Chryslser.

16. Said message is in violation of 1692b, 1692c(b) and 1692d.

17. Defendant cannot call the defendant and request that the third party give the consumer a message to call back.

18. These allegations are supported by caselaw.

(Section 1692c(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party. The consumer's complaint alleging that the debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).) West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998).

(a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(contact with a thrid party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter."stated a claim

under § 1692c (b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

And finally the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id. "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id.This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.

Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 *Krug v. Focus Receivables Mgmt., LLC*, 2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010) (same)

Holding that under § 1692c(b), a collector may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692b. To violate § 1692b. the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2). Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998).Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). FDCPA class action certified

Finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the defendant's efforts to collect on plaintiff's alleged arrearage.
Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998)

Finding that the messages left by the defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under § 1692c(b) since it was not left for the purpose of obtaining location information which is the only communication with third parties permissible under the FDCPA) quoting ); West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call)
Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

The consumer adequately alleged that defendant contacted a third party in violation of § 1692c(b) since the defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer, because such information is beyond the scopeof location information.
Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010)

A "communication" need not refer to the debt."
Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010).

(finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication");

5

Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008)

(finding that the message was an indirect communication regarding the plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so)
Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008)

(finding that the messages left by the defendant constituted "communications" even though they did not technically mention specific information about the debt)
Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005)

(finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call)
Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006)

The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692b
On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information."
would be unlawful. (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss).
Shaver v. Trauner , 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998),

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

19.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs

1-18 as if set forth fully in this cause of action.

20.     This cause of action is brought on behalf of plaintiff and the members of two

classes.

21.     Class A consists of consumers who received the same telephonic message as did

the plaintiff.

22. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received a telephone message from the defendant within one year prior to the date of the date of the filing of the complaint (b) the telephone message was concerning the seeking of payment of a personal debt; and (c) and that the telephone call contained violations of 15 U.S.C. § 1692d(6), 1692e(11) and 1692e(10).

23. Class B consists of all persons whom Defendant's records reflect resided in New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic message, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

25. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Telephonic messages, such as those engaged in by defendant's collection representatives are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

28. The defendant's actions violate the Fair Debt Collection Practices Act.

29. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 26, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile  (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein

9